IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTWINETTE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:20-CV-3113-E-BH |
| ) | |
| LINCOLN PROPERTY COMPANY ) | |
| doing business as Lincoln Apartment ) | |
| Management Limited Partnership, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs (Short Form)*, filed on October 13, 2020 (doc. 4). Based on the relevant filings and applicable law, the motion should be **DENIED**, and this case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

The *pro se* plaintiff filed this action against her apartment complex and various other related defendants on behalf of herself and her minor children on October 13, 2020, alleging that her landlord had failed to provide or transfer her to a habitable apartment. (*See* doc. 3.) She sought a temporary restraining order (TRO) and leave to proceed *in forma pauperis* (IFP). (*See* docs. 4, 6-7.) The motion for a TRO was denied on October 14, 2020. (*See* doc. 11.)

By *Notice of Deficiency and Order* dated October 14, 2020, the plaintiff was notified that she could not represent her minor children in this *pro se* action, and that she must retain legal counsel to represent them in order for the action to proceed on their behalf. (*See* doc. 8.) The notice also advised that if legal counsel had not entered an appearance on behalf of the minor children within fourteen days, it would be recommended that any claims on their behalf be dismissed. (*See id.*)

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

By *Order for Additional Financial Information* also dated October 14, 2020, the plaintiff was also advised that her IFP application did not provide enough information for a determination of whether IFP status was appropriate, and that she must complete the long form application and return in within fourteen days. (*See* doc. 10.) An IFP application was included with the order, which specifically advised that failure to file her IFP application within fourteen days could result in the dismissal of this case. (*See id.*) Finally, the plaintiff was also sent a magistrate judge's questionnaire on October 14, 2020, to obtain service information for the defendants as well as additional information about her claims. (*See* doc. 9.) The questionnaire specifically advised the plaintiff that her answers to the questionnaire were due within fourteen days, and that a failure to file her answers could result in the dismissal of her case. (*See id.*)

Well over fourteen days have passed from the date of the orders, but legal counsel has not entered an appearance on behalf of the minor children, and the plaintiff has not filed an amended IFP application, her answers to the questionnaire, or anything else.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff has failed to comply with an order for additional financial information so that it may be determined whether IFP status is appropriate. She has therefore not shown that she has any demands on her financial resources or that she will suffer undue financial hardship after payment

of the required filing fee, and her IFP application should be denied.

### III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with orders that within fourteen days, she obtain legal representation for her minor children in order for the case to proceed on their behalf, and that she file an amended IFP application and answers to a questionnaire despite a warning that failure to do so could result in dismissal of the case.  Because the plaintiff failed to follow three court orders or otherwise show that she intends to proceed with this case, it should be dismissed.

### IV.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless counsel enters an appearance for the minor children and the plaintiff files an amended application to proceed *in forma pauperis* and her answers to the magistrate judge's questionnaire within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 23rd day of November, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE